IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| C&M OILFIELD RENTALS, LLC § <br> D/B/A C-MOR ENERGY SERVICES, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> APOLLO LIGHTING SOLUTIONS INC. § <br> and CLEANTEK INDUSTRIES, INC. § <br> § <br> Defendant. § <br> § <br> § <br> § | Civil Action No. 6:21-cv-544 <br><br> JURfY TRIAL DEMANDED |

**PLAINTIFF C&M OILFIELD RENTALS, LLC'S COMPLAINT**

Plaintiff C&M Oilfield Rentals, LLC d/b/a C-MOR Energy Services ("C&M"), by and through its undersigned attorneys, files this Complaint and Request for Preliminary and Permanent Injunction against Apollo Lighting Solutions Inc. ("Apollo") and CleanTek Industries, Inc. ("CLEANTEK") (collectively, "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1. This action seeks legal and equitable relief based on Apollo's unlawful infringement of C&M's U.S. Patent No. 10,976,016 ("the '016 Patent"), which generally relates to lighting systems that may be used on drilling rigs.

**PARTIES**

2. C&M is a Wyoming limited liability company with its principal place of business located at 519 Circle Dr., Cody, WY 82414.

1

3. On information and belief, Apollo Lighting Solutions Inc. is a Delaware corporation with a principal place of business at 7903 W. Industrial Avenue, Midland, TX, USA 79706.

4. On information and belief, CLEANTEK Industries Inc. is a Canadian company with a location in the United States at 7903 W. Industrial Avenue, Midland, TX, USA 79706.

5. On information and belief, the registered agent for Apollo Lighting Solutions Inc. is Registered Agent Solutions, Inc., located at 9 E. Loockerman Street, Suite 311, Dover, DE 19901.

6. On information and belief, the registered agent for CLEANTEK Industries, Inc. is Registered Agent Solutions, Inc., located at 9 E. Loockerman Street, Suite 311, Dover, DE 19901.

## JURISDICTION AND VENUE

7. This is a civil action that arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 271 and 281. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

8. On information and belief, the Court has general and specific personal jurisdiction over CLEANTEK because CLEANTEK is a resident of the State of Texas and has a place of business in the State of Texas and in this judicial district, and continuously and systematically conducts business in the State of Texas and in this judicial district, and continuously and systematically conducts business in the State of Texas and in this judicial district.

9. The Court has both general and specific personal jurisdiction over Apollo because Apollo is a resident of the State of Texas and has its principal place of business in the State of Texas and in this judicial district, and continuously and systematically conducts business in the State of Texas and in this judicial district. Exercising personal jurisdiction over each Defendant in this lawsuit comports with due process and traditional notions of fair play and substantial justice.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391, in that both Apollo and CLEANTEK reside in this district and are subject to personal jurisdiction in this district.

# FACTS

## C&M's Development of the Crown Jewel

11. C&M markets, leases, and sells oilfield service equipment to customers nationwide.

12. C&M is a market-leading innovator in the development of modular drilling rig lighting systems.

13. Generally, the construction of a well for oil and/or natural gas involves three phases: drilling, completion, and production. The drilling phase must be completed before the other two phases may begin. Well construction is very expensive, in part because the drilling rig and other pieces of equipment are rented by the day. Accordingly, once the operator of a wellsite has begun drilling, it is extremely important to finish that phase of the process as quickly as possible.

14. One consequence of the need to complete drilling as quickly as possible is that operators often choose to drill around the clock, or as close to that schedule as possible. As a result, drilling activity often continues after dark. Because wellsites are almost always in remote locations, there is no readily available source of lighting to keep the wellsite illuminated during nighttime operations.

15. Proper illumination during nighttime operations is exceedingly important. Wellsites are crowded and inherently dangerous workplaces, with many hazards that can cause injury to workers, and these risks are intensified if a wellsite is not adequately illuminated.

16. Prior to C&M's advances in the field, the lighting options available for wellsite operators were limited. The most common solution had long been portable light towers with halogen bulbs. There were numerous limitations with these towers, including that the towers could

not be centrally located within a wellsite. As a result, an operator would be required to use multiple towers spaced around the drilling rig, but this was inefficient and created inconsistent lighting.

17. Other rig-mounted lighting systems suffered from drawbacks including weight, difficulty of installation, safety concerns, limited customization, and lack of portability.

18. In March 2018, C&M began offering customers a new drilling rig lighting system under the name "Crown Jewel."

19. Unlike the large, frame-based design of prior rig-mounted lighting systems, the Crown Jewel uses multiple small lightweight lights that attach via mounting poles and/or brackets directly to the handrail of the rig's crown deck. The light fixture is mounted such that it may be placed in one of at least two discrete positions, a feature that allows the system to be left in place when a rig is moved.

20. C&M has multiple issued U.S. patents, including U.S. Patent No. 10,976,016 ("the '016 Patent"), two pending U.S. patent applications, and multiple foreign and international applications related to its novel design for a drilling rig lighting system.

21. C&M has devoted substantial time, effort, and resources to the development and promotion of its Crown Jewel product and related patents. As a result, the Crown Jewel system has achieved commercial success and wide adoption through the industry.

### Apollo's HALO Lighting System

22. Apollo is a company that offers and sells the HALO Crown-Mounted Lighting system for installation and operation at oil drilling rigs at well sites.

23. On information and belief, Apollo began offering for sale an original design of the HALO crown-mounted lighting system as early as 2013.

24. The original design of the HALO crown-mounted lighting system included a frame that supported a number of lights mounted at the crown of a drilling rig. The frame surrounded

the crown deck and handrails around all sides and required multiple attachment points to the crown. For example, the image below appears from one of Apollo's issued patents and depicts a large frame that supports many lights and that is connected to a crown of a drilling rig.

25. On information and belief, Apollo's frame-based design of the HALO was not widely adopted or commercially successful in the drilling industry due to several drawbacks related to the frame-based design.

26. The frame-based lighting system was large and heavy, and required removal and reinstallation when a drilling rig needed to be moved to another wellsite. The removal and reinstallation of the lighting system required the use of a crane because of the weight and size of the lighting system.

27. On information and belief, Apollo introduced the current design of the HALO crown-mounted lighting system around June 2018, after C&M's Crown Jewel lighting system, which utilizes a modular lighting system design, had been introduced and began achieving commercial success in the drilling industry.

28. On information and belief, Apollo was acquired by CLEANTEK in or around the middle of 2018.

29. The current design of the HALO crown-mounted lighting system is not a frame-based lighting system design, as there is not a single frame that connects the light fixture mounts of the lighting system.

30. On information and belief, the current design of the HALO crown-mounted lighting system, as shown in the below photo, utilizes individual mounting poles attached to the crown deck of a drilling rig, and each mounting pole supports one or more light fixtures. The mounting poles do not attach to each other in a frame.



31.     On information and belief, Defendants no longer actively offer to sell or lease the original frame-based design of the HALO crown-mounted lighting system.

32.     Defendants have installed and sold or leased the mounting pole-based design of the HALO crown-mounted lighting system to drilling rig providers or operators, such as Axis Energy Services, LLC.

### Defendants' Infringement of the '016 Patent

33.     On April 13, 2021, the '016 Patent, entitled "Elevated Structure-Mounted Lighting System" was duly and legally issued by the U.S. Patent and Trademark Office to C&M.  A true and correct copy of the '016 Patent is attached hereto as Exhibit 1.

34.     As assignee of the '016 Patent, C&M owns all right, title and interest in the '016 Patent and has all substantial rights to sue for infringement.

35.     Claim 23 of the '016 Patent recites:

23. A rig comprising:

a derrick;

> a crown deck at the top of the derrick; and
>
> a plurality of light units, each light unit separately attached to the crown deck, each light unit comprising:
>
> > a mounting pole, wherein each light unit comprises a separate mounting pole, such that the system comprises a plurality of mounting poles; and
> >
> > a light fixture comprising one or more lights, the light fixture coupled to the mounting pole.

36. Defendants have directly and indirectly infringed one or more claims of the '016 Patent. For example, when Defendants install their HALO crown-mounted lighting system on a drilling rig operated by a drilling operator, they induce the operator to infringe at least claim 23 of the '016 Patent.

37. On information and belief, Defendants have installed their HALO crown-mounted lighting system on Helmerich & Payne Rig Number 264, as evidenced from the annotated figure below. The operator's drilling rig, installed with a HALO crown-mounted lighting system, directly infringes at least claims 23 and 25 of the '016 Patent.

38. Defendants' HALO crown-mounted lighting system is mounted on the crown deck (yellow structure) at the top of a rig derrick and includes a plurality of mounting poles (highlighted in green) attached to the crown deck of the rig, which is the yellow base platform shown in the figure below. Upon information and belief, each of the plurality of mounting poles is separately attached to the crown deck.

39. Further, a plurality of lights (highlighted in red) are mounted to the plurality of mounting poles. Each of the mounting poles highlighted in green supports a light fixture with three lights shown in red.

40. The light units are coupled to the rig using safety cables.

41. Once the HALO lighting system is mounted, then the lighting system is used by an operator such as Helmerich & Payne to illuminate the wellsite below.

42. The HALO lighting system is not a staple article of commerce and there is no substantial use of this system that would not infringe the '016 Patent.



43. Defendants have known about the '016 Patent since at least April 15, 2021, when counsel for C&M informed Defendants' counsel that the patent had issued.

44. Because Defendants infringe C&M's '016 Patent to compete directly with C&M, they are causing irreparable harm to C&M.

## CAUSES OF ACTION

### Count 1: Infringement of the '016 Patent

45. C&M incorporates by reference and realleges Paragraphs 1–44 of its Complaint, as though fully set forth herein.

46. C&M is the owner of all right, title, and interest in and to the '016 Patent.

47. As the owner of the '016 Patent, C&M is authorized and has standing to bring legal action to enforce all rights arising under the '016 Patent.

48. The '016 Patent is presumed valid pursuant to 35 U.S.C. § 282.

49. C&M has practiced the '016 Patent in connection with installing and leasing its Crown Jewel.

50. C&M has marked the Crown Jewel as embodying the claims of the '016 Patent, for example, by at least virtually marking pursuant to 35 U.S.C. § 287(a) at https://cmorenergy.com/crown-jewel-lights/.

51. Defendants are not licensed to make, use, sell, offer to sell, or import any product or service that is covered by the claims of the '016 Patent.

52. On information and belief, Defendants, either alone or in concert with others and without authorization or license from C&M, have directly infringed and will continue to infringe, either literally or under the doctrine of equivalents, one or more claims of the '016 Patent in violation of 35 U.S.C. § 271, by making, using, selling, leasing, importing, installing, supplying, and/or offering to sell or lease the HALO crown-mounted lighting system in the United States.

53. On information and belief, Defendants have actual knowledge of the '016 Patent and actual knowledge that their activities constitute direct, indirect, or joint infringement of the '016 Patent, or have willfully blinded themselves to the infringing nature of their activities, and yet continue their infringing activities.

54. On information and belief, Defendants have actively induced and continue to induce others to directly infringe one or more claims of the '016 Patent, and/or have contributed and continue to contribute to others' infringement of one or more claims or the '016 Patent.

55. On information and belief, Defendants' infringement of the '016 Patent has been and will continue to be willful, deliberate and intentional.

56. As a result of Defendants' infringement of the '016 Patent, C&M has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law, unless Defendants are preliminarily and permanently enjoined by this Court. Furthermore, the public interest would be served by issuance of an injunction.

57. As a result of Defendants' infringing activities, C&M has suffered actual damages in an amount to be determined at trial. Additionally, as a result of the willful and deliberate nature of Defendants' infringing activities, C&M is entitled to a trebling of its actual damages and is entitled to recover its attorneys' fees and costs incurred in prosecuting this action.

## JURY DEMAND

58. Pursuant to Federal Rule of Civil Procedure 38(b), C&M requests a trial by jury on all issues.

## PRAYER

59. For these reasons, C&M asks for a judgment against Defendants that includes the following relief:

(A) A finding that Defendants have directly and indirectly infringed the '016 Patent;

(B) A preliminary and permanent injunction enjoining Defendants, their owners, affiliates, officers, directors, managers, agents, servants, employees, trainees, and all persons in active concert or participation with them, from continuing to infringe the '016 Patent, including but not limited to under 35 U.S.C. § 283;

(C)	An award of damages adequate to compensate C&M for Defendants' infringement of the '016 Patent under 35 U.S.C. § 284;

(D)	A determination that Defendants' infringement of the '016 Patent has been willful and deliberate;

(E)	A determination that this case is "exceptional" under 35 U.S.C. § 285, thereby entitling C&M to an award of its reasonable attorneys' fees and costs incurred in prosecuting this action;

(F)	An award of treble damages based on the willful and deliberate nature of Defendants' infringement;

(G)	An award of pre-judgment and post-judgment interest on all damages computed;

(H)	An award of court costs and attorneys' fees as allowed by applicable law; and

(I)	Such other relief as this Court deems fair, just, and appropriate.

Dated: May 28, 2021                                     Respectfully submitted,

  /s/ *Cullen G. Pick*
Jason C. White (to be admitted *pro hac vice*)
*jason.white@morganlewis.com*
**MORGAN, LEWIS & BOCKIUS LLP**
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
T: 1.312.324.1000

Cullen G. Pick
State Bar No. 24098260
*cullen.pick @morganlewis.com*
**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana Street, Suite 4000
Houston, Texas 77002-5006
T. 713.890.5000
F. 713.890.5001

***Attorneys for Plaintiff C&M Oilfield Rentals, LLC***