**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **C&M OILFIELD RENTALS, LLC D/B/A C-MORE ENERGY SERVICES,** ***Plaintiff*** <br><br> **-v-** <br><br> **APOLLO LIGHTING SOLUTIONS INC.,** ***Defendant and*** <br><br> **CLEANTEK INDUSTRIES, INC.,** ***Defendant and counterclaim plaintiff*** | § § § § § § § § § § § § § | **CIVIL NO. 6:21-CV-00544-ADA** |

**DISCOVERY DISPUTE ORDER**

The Court hereby resolves the following discovery dispute submitted to the Court by email.

**Defendants' Position:**

After the Court's May 18, 2022 hearing overruling half of C&M's sub-part objections to Apollo Interrogatory Nos. 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, and 15, per His Honor's instructions Apollo served its Revised Second Set of Interrogatory Nos. 23-26 on the same day (Ex. A), which Plaintiff refuses to answer again arguing that even after the Court's ruling, Apollo's First Set of Interrogatory Nos. 1-18 (Ex. B) exceed thirty (30). Note that Apollo's Revised Second Set of Interrogatory Nos. 23-26 was misnumbered and should be numbered 26-29.

While Apollo believes this is substantively incorrect as discussed below, Apollo submits that this demonstrates that C&M is counting arbitrarily and that the refusal to respond to Apollo's Second Set of Interrogatories is litigation inspired. That is, even after the Court overruled half of the challenged objections, C&M still maintains that Apollo's First Set of Interrogatories exceeds the limit, which begs the question of why C&M answered them in the first place. ***Significantly***,

C&M has twice supplemented it responses to Apollo's First Set of Interrogatories despite asserting that these Interrogatories now comprise in excess of 37 separate Interrogatories even after the Court's ruling, and ***equally significant***, C&M's supplementations occurred after and while C&M refuses to respond to Apollo's Revised Second Set as exceeding the limit. Apollo submits that this is arbitrary and litigation inspired, and that the Court should overrule the objections on these grounds alone.

Turning to the Interrogatories, the parties agree that the challenged Interrogatories plus Interrogatory No. 6 comprise 22 Interrogatories. Apollo counts Interrogatories 16-18 as comprising 3 separate interrogatories. C&M, however, counts Interrogatories 16-18 as comprising 15 separate interrogatories.

Under the *Superior Sales* analysis Apollo submits that the inquires in Interrogatories 16-18 "are logically or factually subsumed within and necessarily related to the primary question should not be treated as separate interrogatories" such that they should each be counted as 1. *Superior Sales W., Inc. v. Gonzalez,* 335 F.R.D. 98, 104 (W.D. Tex. 2020). Indeed, C&M counts Interrogatory No. 18 as comprising 10 interrogatories although it only seeks two people knowledgeable about a number of topics, and C&M understood it as such identifying Messrs. Joshua Allison and Jeff Butler.

In view of the above, Apollo submits that C&M is overcounting interrogatories and arbitrarily objecting and "cherry picking" which interrogatories it responds to based thereon, and request that the Court overrule C&M's objections to Interrogatories 16-18 and order C&M to respond to Apollo's Interrogatory Nos. 23-26.

The exact language that Apollo would like to see issued in a Court order is "Plaintiff is directed to substantively answer within one week of this Order Defendants Apollo Lighting Solutions Inc. and Cleantek Industries, Inc. Revised Second Set of Interrogatories (Nos. 23-26)."

**Plaintiff's Position:**

Per the Court's May 18 instructions, C&M re-counted Defendants' Interrogatory Nos. 1-18. Including distinct subparts, Defendants' First Set contains 37 total interrogatories. As such, Defendants' First Set exceeds the limit set by the Court's OGP. C&M should not be ordered to respond to Defendants' Revised Second Set (Nos. 23-26).

After the May 18 hearing, Defendants indicated that their first set of interrogatories totaled 22. C&M asked Defendants to explain how they counted, and C&M provided the basis for its counting. *See* Ex. A. Defendants refused to provide an explanation in email or when meeting and conferring. Tellingly, Defendants' summary position does not provide an explanation either. Instead, in email, when meeting and conferring, and in the summary position, Defendants characterize C&M's total subpart counting as "arbitrary." That is not the case.

C&M's objections stem from the *Superior Sales* standard as referenced by the Court at the May 18 hearing. Namely, an interrogatory contains discrete subparts "where the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first and not factually subsumed within [it]." *Superior Sales*, 335 F.R.D. at 104.

**<u>ROG 16:</u>** This request has two discrete subparts. *See* Ex. B at 38. The primary request asks for an identification of all marking efforts. Like ROG 1, which this Court found contains two

requests, identifying persons with knowledge of marking efforts and all related documents is unnecessary to answering the primary request.

**ROG 17:** This request has three discrete subparts for the reasons stated in C&M's objections. *See id.* at 40. Or, based on the May 18 ruling, the primary request could be considered all communications concerning (1) Defendants, including their products. To fully and completely answer the primary request, one need not identify all communications about (2) any C&M patent relating to crown mounted lighting systems or (3) this litigation. Either way, the request totals three subparts.

**ROG 18:** This request has 10 discrete subparts. *See id.* at 41-42. The primary request is to identify two C&M employees most knowledgeable about "(a) research and development of the C&M Crown Jew lighting system." To answer, C&M would not need to identify the two C&M employees most knowledgeable about the other nine, unrelated subjects.

The total interrogatories in Defendants' First Set is summarized below. The counting is based on (i) the Court's ruling on Nos. 1-5 and 7-15 during the May 18, 2022, hearing, and (ii) C&M's valid subpart objections for Nos. 16-18 (Ex. B). Because Defendants' total interrogatories in their First Set is 37, no additional interrogatories are permitted.

| No. | Subparts |
|---|---|
| 1 | 2 |
| 2 | 2 |
| 3 | 1 |
| 4 | 1 |
| 5 | 1 |
| 6 | 1 |
| 7 | 1 |
| 8 | 2 |
| 9 | 1 |
| 10 | 2 |
| 11 | 2 |
| 12 | 2 |
| 13 | 2 |
| 14 | 1 |
| 15 | 1 |
| 16 | 2 |
| 17 | 3 |
| 18 | 10 |
| TOTAL | 37 |

**Requested Relief:** Order that "Defendants' request for Plaintiff to respond to Defendants Apollo Lighting Solutions Inc. and Cleantek Industries, Inc. Revised Second Set of Interrogatories (Nos. 23-26) is DENIED."

**Analysis**

In analyzing the subparts in interrogatories 16-18, the Court evaluates whether "the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first and not factually subsumed within," and that additional questions "logically or factually subsumed within and necessarily related to the primary question should not be treated as separate interrogatories." *Superior Sales W., Inc. v. Gonzalez*, 335 F.R.D. 98, 104 (W.D. Tex. 2020).

Interrogatory 16 states,

> Identify all efforts by You or on Your behalf to satisfy the marking requirements of 35 U.S.C. § 287 in connection with the '016 Patent, including, but not limited to, identifying all products by name, model number, and any other identifying indicia that have been marked and when the marking occurred, and identify each person with knowledge of the foregoing and all documents relating to the foregoing.

The Court counts this as one interrogatory because identifying knowledgeable people is factually subsumed within identifying their efforts satisfy the marking requirements and because identifying marking efforts cannot be answered fully without identifying people involved. The objection to interrogatory 16 including multiple subparts is hereby overruled.

Interrogatory 17 states,

> Identify all Communications, written or oral, between C&M and any customer, potential customer, or any third party which refer to Apollo, CleanTek, any C&M patent relating to crown mounted lighting systems, any Apollo product, or this litigation, and for each such Communication, identify all persons who participated in and/or are knowledgeable of such Communications; and identify all Documents and things by production number referring or relating to such Communications.

The Court counts this as one interrogatory because identifying communications about this litigation includes identifying communications about the parties and the accused products. The objection to interrogatory 17 including multiple subparts is hereby overruled. C&M need not "identify all documents and things by production number referring to or relating to such Communications" because the Court considers this a request for production, not an interrogatory.

Interrogatory 18 states,

> Identify two C&M employees, past or current, other than lawyers, who are most knowledgeable about each of the following subjects: (a) research and development of the C&M Crown Jewel lighting system; (b) engineering of the C&M Crown Jewel lighting system; (c) sales and distribution of the C&M Crown Jewel lighting system; (d) marketing and advertising of the C&M Crown Jewel lighting system; (e) accounting and finance; (f) information management; (g) document retention policies; (h); the allegations made in Plaintiff C&M Oilfield Rentals, LLC'S Complaint ([D.I. 1]); the allegations made in Apollo Lighting Solutions Inc. And Cleantek Industries. Inc.'s First Amended Answer And Counterclaims ([D.I. 24]), and (j) the allegations made in C&M Oilfield

Rentals, LLC'S Answer To Apollo Lighting Solutions Inc. and Cleantek Industries, Inc.'s Amended Counterclaim ([D.I. 26]).

The Court counts this as five interrogatories: subsections (a)-(b), (c)-(d), (e), (f)-(g); and (h)-(j) count as separate sub-parts. The objection to interrogatory 18 including multiple subparts is hereby overruled-in-part.

The Court's final count is as follows:

| No. | Subparts |
|---|---|
| 1 | 2 |
| 2 | 2 |
| 3 | 1 |
| 4 | 1 |
| 5 | 1 |
| 6 | 1 |
| 7 | 1 |
| 8 | 2 |
| 9 | 1 |
| 10 | 2 |
| 11 | 2 |
| 12 | 2 |
| 13 | 2 |
| 14 | 1 |
| 15 | 1 |
| 16 | 1 |
| 17 | 1 |
| 18 | 5 |
| TOTAL | 29 |

## Conclusion

It is hereby **ORDERED** that Plaintiff is directed to substantively answer, within one week of this Order, Defendants Apollo Lighting Solutions Inc. and Cleantek Industries, Inc. Revised Second Set of Interrogatories (Nos. 23-26) to the extent Plaintiff has not yet reached the interrogatory limit.

SIGNED this 21st day of June, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE